## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**VINCENT EDWARD JONES,**

*Defendant.*

CAUSE NO. 3:23-CR-74-CWR-LGI

### ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS

Mr. Jones identifies several bases that he asserts require the dismissal of the indictment in this case. Considering Fifth Circuit precedent and decisions of this district, Mr. Jones's motion, Docket No. 40, is denied.

Mr. Jones first argues that § 922(g)(1) violates the Second Amendment on its face. The Fifth Circuit denied a facial challenge to § 922(g)(1) under the Second Amendment in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024). This argument fails.[1]

Mr. Jones's as-applied challenge is also foreclosed by Fifth Circuit precedent. In *United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025), the Fifth Circuit held that "the government may disarm those who continue to serve sentences for felony convictions." Because Mr. Jones was on supervised release at the time of his offense, *Giglio* forecloses his as-applied challenge.

Next, Mr. Jones argues that § 922(g)(1) violates equal protection guaranteed to him by the Fifth Amendment. This too has been considered and rejected by the Fifth Circuit. The decision *in United States v. Goody*, 143 F.4th 617, 620 (5th Cir. 2025) forecloses this argument.

---

[1] Mr. Jones acknowledges that several of the arguments he presents are foreclosed by Fifth Circuit precedent, but he makes them to preserve the record for further review. *See* Docket No. 40.

1

Mr. Jones also asserts that § 922(g)(1) violates his right to due process. His argument; however, relies solely on Justice Thomas's dissent in *Rahimi*. Docket No. 40 at 10. This argument lacks sufficient support. *See, e.g.*, *United States v. Landrum*, No. 3:24-CR-63, 2024 WL 4806486, at *2 (S.D. Miss. Nov. 15, 2024) (denying a similar challenge and noting that the dissent in *Rahimi* "is too thin to declare § 922(g)(1) unconstitutional"). This challenge fails.

Mr. Jones then brings two more facial challenges to § 922(g)(1), claiming that it is unconstitutionally overbroad and vague. Courts in this district have rejected each challenge. With respect to the former, the reasoning in *United States v. Love* applies here to foreclose Mr. Jones's argument. No. 1:24-CR-84, 2025 WL 2466980, at *3 (S.D. Miss. Aug. 26, 2025). With respect to the latter, the reasoning in *Love* again applies to foreclose Mr. Jones's argument. *Id.* at *3-4. *See also Landrum*, 2024 WL 4806486, at *2; *United States v. Doster*, No. 25-60258, 2025 WL 3473357 (5th Cir. Dec. 3, 2025).

Finally, Mr. Jones asks the Court to dismiss the indictment because § 922(g)(1) "unconstitutionally extends Congress's authority under the Commerce Clause." Docket No. 40 at 15. This challenge too is foreclosed and denied. *See United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996); *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Hemphill*, No. 23-50675, 2024 WL 5184299, at *10 (5th Cir. Dec. 20. 2024).

The Court has considered all arguments. Those not addressed would not have changed the outcome. Mr. Jones's motion to dismiss the indictment is denied. The parties shall appear for pretrial conference in this matter on December 19, 2025.

**SO ORDERED**, this the 18th day of December 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE